**FILED**

2007 JAN 19 PM 1:05

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  BAUTE & TIDUS LLP
   Mark D. Baute (State Bar No. 127329)
2  mbaute@bautelaw.com
   Jeffrey A. Tidus (State Bar No. 089585)
3  jtidus@bautelaw.com
   Patrick M. Maloney (State Bar No. 197844)
4  pmaloney@bautelaw.com
   801 South Figueroa Street, Suite 1100
5  Los Angeles, California 90017
   Telephone: (213) 630-5000
6  Facsimile: (213) 683-1225

7  Attorneys for Plaintiff                      **VIA FAX**
   SYMANTEC CORPORATION
8
9          UNITED STATES DISTRICT COURT FOR THE

10          SOUTHERN DISTRICT OF CALIFORNIA

**'07 CV 0126   WQH AJB**

| | |
|---|---|
| 11  SYMANTEC CORPORATION, | Case No. |
| 12          Plaintiff, | **COMPLAINT FOR:** |
| 13  | |
|     vs. | **(1)   TRADEMARK INFRINGEMENT** |
| 14  | **(2)   LANHAM ACT § 43(a)** |
|     | **(3)   COPYRIGHT INFRINGEMENT** |
| 15  GLOBAL IMPACT, INC., a Florida | **(4)   FRAUD** |
|     Corporation, doing business as | **(5)   TRAFFICKING IN** |
| 16  www.global-impact.com, Global | **COUNTERFEIT LABELS,** |
|     Impact, Global Impact Inc. Distribution, | **DOCUMENTATION** |
| 17  and Global Impact Corporation; | **AND/OR PACKAGING** |
|     JOSEPH CRISTINA, an individual; and | **(18 U.S.C. § 2318)** |
| 18  DOES 1-10, inclusive, | **(6)   UNFAIR COMPETITION** |
| 19  | **(Cal. B&P § 17200, et seq.)** |
|          Defendants. | **(7)   COMMON LAW UNFAIR COMPETITION** |
| 20  | **(8)   STATE LAW FALSE ADVERTISING** |
| 21  | **(9)   INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| 22  | |
| 23  | |
| 24  | **(10)  NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** |
| 25  | |
| 26  | |
| 27  | **JURY TRIAL DEMANDED** |
| 28  | |

91184.3                                                    **COMPLAINT**

## SUBJECT MATTER JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the claims in this action which relate to copyright, trademark and federal unfair competition laws pursuant to the provisions of 15 U.S.C. §1121, 28 U.S.C. §1338 and 28 U.S.C. §1331.

2.     This Court has supplemental jurisdiction over the claims in this complaint which arise under the statutory and common law of the State of California pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).  The plaintiff alleges on information and belief that software that is the subject of this complaint was mailed to customers in the Southern District of California.  The infringing products which are the subject of this litigation were distributed and/or offered for distribution in the Southern District of California, and the claims alleged in this action arose in the Southern District of California.

## PARTIES

4.     Plaintiff Symantec Corporation ("Plaintiff" or "Symantec") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, and qualified to do business in California. Symantec's corporate offices are in California, including corporate headquarters in the San Francisco bay area and offices in the counties of Los Angeles and San Diego, California.

5.     Plaintiff is informed and believes and on that basis alleges that defendant GLOBAL IMPACT, INC. ("Global") is a Florida corporation that sometimes does business under the fictitious business names "www.global-impact.com," "Global Impact," "Global Impact Inc. Distribution" and "Global Impact Corporation."

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 1 -

6.      Plaintiff is informed and believes and on that basis alleges that defendant Joseph Cristina ("Cristina") is an individual with his principal residence and his principal business address in the state of Florida, who sometimes does business under the fictitious business names "www.global-impact.com," "Global Impact," "Global Impact Inc. Distribution" and "Global Impact Corporation."

7.      Plaintiff is informed and believes and on that basis alleges that defendant Cristina is the owner, operator and manager of defendant Global.

8.      Plaintiff is informed and believes and on that basis alleges that defendant Cristina owns all the capital stock of defendant Global, holds every office of Global, and is the sole director of Global.

9.      Plaintiff is informed and believes and on that basis alleges that defendant Cristina is personally aware of, and has authorized, approved, ratified, participated in, and instigated the wrongful conduct set forth in this complaint.

10.     Plaintiff is informed and believes and on that basis alleges that defendant Cristina, in his capacity as the owner of Global, is personally aware of, and has authorized, approved, ratified, participated in, and instigated the wrongful conduct set forth in this complaint.

11.     Plaintiff is unaware of the true names and capacities of the defendants sued herein under the fictitious names DOE 1 - DOE 10, inclusive.  Plaintiff will seek leave to amend to state the true names and capacities of such defendants when such information is ascertained.

12.     At all times material herein, each of the defendants was the agent, employee, and/or representative of each of the remaining defendants, and, in doing the things alleged herein, was acting within the scope of such agency, employment, or representation.

13.     Plaintiff is informed and believes and on that basis alleges that there exists, and at all times relevant hereto there existed, a unity of interest and ownership between Global and Cristina such that any individuality and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   separateness of Global ceased or never existed, and Global is the alter ego of

2   Cristina.

3       14.    Plaintiff is informed and believes and on that basis alleges that

4   defendant Cristina created and continues to use Global to shield him from liability

5   for the actions complained of in this complaint.

6       15.    Plaintiff is informed and believes and on that basis alleges that

7   Cristina has and continues to: commingle and fail to segregate Global's funds and

8   other assets from his own; treat assets nominally belonging to Global as his own;

9   and share a unity of ownership, control and management with Global.

10       16.    Plaintiff is informed and believes and on that basis alleges that Global

11   has inadequate capitalization and functions as a mere shell and/or conduit for the

12   business ventures of Cristina such that any activities attributed to the former are in

13   fact activities of the latter, and that Cristina uses Global as a subterfuge designed

14   to avoid liability for the wrongful conduct attributable to himself as alleged

15   throughout this complaint.

16       17.    Adherence to the fiction of the existence of defendant Global as an

17   entity separate and distinct from defendant Cristina would permit an abuse of the

18   corporation and/or limited liability company privilege and would promote

19   injustice and fraud in that it would enable defendant Cristina to continue to

20   commit the actions complained of in this complaint while shielding himself from

21   liability by use of the insolvent Global.

22       **CENTRAL ALLEGATIONS OF WRONGDOING**

23       18.    Plaintiff manufactures and distributes software for personal

24   computers.

25       19.    Plaintiff has produced several different versions of its Norton

26   SystemWorks ("NSW") products, including NSW 2003 and NSW 2003

27   Professional Edition and annual revisions of both versions.  The most recent NSW

28   products include Norton SystemWorks 2005, Norton SystemWorks 2005 Premier

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

---

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    Edition, Norton SystemWorks 2006, and Norton SystemWorks 2006 Premier

2    Edition.

3        20.     Each NSW product consists of a suite of several popular and useful

4    software programs, including but not limited to: Norton AntiVirus; Norton

5    Utilities; Norton CleanSweep; Roxio's GoBack; and Norton Ghost. NSW also is

6    distributed with the "LiveUpdate" feature as alleged elsewhere in this Complaint.

7        21.     Plaintiff also manufactures stand-alone versions of some of the

8    software products bundled together in its NSW product. One popular product is

9    Norton AntiVirus. Plaintiff has manufactured several versions of Norton

10   AntiVirus for distribution and sale as separate products with their own disks and

11   distinctive retail packaging, including but not limited to Norton AntiVirus 2003,

12   Norton AntiVirus 2003 Professional Edition, and revised versions denominated

13   2004, 2005, and 2006.

14        22.     Symantec also manufactures pcAnywhere, with which computer users

15   can remotely perform certain functions on computers. Symantec has manufactured

16   several versions of pcAnywhere, including but not limited to pcAnywhere

17   versions 10.5, 11.0 and 11.5.

18        23.     Symantec also manufactures Norton Internet Security, including but

19   not limited to Norton Internet Security Family Edition and Norton Internet

20   Security versions 2003, 2004, 2005 and 2006 versions.

21        24.     Symantec also manufactures Symantec AntiVirus Small Business

22   Edition, an anti-virus program.

23        25.     Symantec also manufactures WinFax Pro 10.0, a program that enables

24   computer users to send and receive faxes.

25        26.     Symantec also manufactures LiveUpdate, a computer software

26   program available by subscription which enables users of certain Symantec

27   software products to receive updates via downloads during the period of the

28   subscription. LiveUpdate is included in several Norton and/or Symantec products.

27.     Symantec requires that all genuine, authorized copies of its software be accompanied with certain labeling, documentation and/or packaging.  Among other things, the distinctive labeling, documentation and/or packaging provides assurances to consumers that they have purchased genuine Norton and/or Symantec software.

28.     Some of Symantec's software products are distributed with serial numbers, which Symantec refers to as "product keys."  The product key is necessary to "activate" a Symantec software product during or shortly after installation.  Generally, the software will operate for only a short period if it is installed without activation with the product key.

29.     A genuine product key may be used by a purchaser of genuine Norton and/or Symantec software to obtain certain technical services, upgrades, and renewals.  Without an authorized and properly registered product key, Symantec may refuse to provide such benefits to the holder of purported Norton and/or Symantec software, in part because the lack of a proper product key is strong evidence the software is counterfeit.

30.     The product keys also provide assurances to consumers that they have purchased genuine Norton and/or Symantec software.

31.     The defendants advertise merchandise for sale, including software represented to be produced by Plaintiff.

32.     In 2004 Plaintiff began receiving information that the defendants were marketing, distributing and selling software, bearing the Norton and Symantec trademarks and logos, but which was neither produced by Plaintiff nor authorized by Plaintiff to be produced or sold.  Plaintiff alleges on information and belief that customers who purchased such software believed it to be produced by Plaintiff, and were confused and misled by the defendants' marketing, labeling, and sale of software using Plaintiff's trademarks.

33.     In or about March 2005 through May 2005, Plaintiff, through its

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  agents, purchased copies of Symantec's software, as described below, by placing

2  orders from products listed on the defendants' website at www.global-impact.com.

3     34.   On or about March 9, 2005, Plaintiff, through its agents, purchased

4  several copies of Symantec's Norton AntiVirus 2004 from the defendants.

5     35.   The defendants sent discs marked with the Symantec name and logo

6  and the name "Norton AntiVirus 2004," designed to look like a genuine Symantec

7  product.

8     36.   The product was shipped as a bare disc in a sleeve, without any retail

9  box, instruction manual or other packaging materials.

10    37.   Symantec inspected the disc and determined that it was counterfeit,

11  and was neither produced by Symantec nor authorized by Symantec to be

12  produced by any other person or entity.

13    38.   On or about March 9, 2005, Plaintiff, through its agents, purchased

14  several copies of Symantec's Norton AntiVirus 2005 from the defendants.

15    39.   The defendants sent discs marked with the Symantec name and logo

16  and the name "Norton AntiVirus 2005," designed to look like genuine Symantec

17  products.

18    40.   The products were shipped as bare discs in sleeves, without any retail

19  box, instruction manual or other packaging materials.

20    41.   Symantec inspected the discs and determined that they are

21  counterfeit, and were neither produced by Symantec nor authorized by Symantec

22  to be produced by any other person or entity.

23    42.   On or about April 25, 2005, Plaintiff, through its agents, purchased

24  several copies of Symantec's Norton AntiVirus 2003 from the defendants.

25    43.   The defendants sent discs marked with the Symantec name and logo

26  and the name "Norton AntiVIrus 2003," designed to look like genuine Symantec

27  products.

28    44.   The products were shipped as bare discs in sleeves, without any retail

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 │ box, instruction manual or other packaging materials.

2 │     45.    Symantec inspected the discs and determined that they are

3 │ counterfeit, and were neither produced by Symantec nor authorized by Symantec

4 │ to be produced by any other person or entity.

5 │     46.    On or about May 31, 2005, Plaintiff, through its agents, purchased

6 │ several copies of Symantec's Norton AntiVirus 2003 from the defendants.

7 │     47.    The defendants sent discs marked with the Symantec name and logo

8 │ and the name "Norton AntiVirus 2003," designed to look like a genuine Symantec

9 │ product.

10 │     48.    The products were shipped as bare discs in sleeves, without any retail

11 │ box, instruction manual or other packaging materials.

12 │     49.    Symantec inspected the discs and determined that they are

13 │ counterfeit, and were neither produced by Symantec nor authorized by Symantec

14 │ to be produced by any other person or entity.

15 │     50.    On or about May 31, 2005, Plaintiff, through its agents, purchased

16 │ several copies of Symantec's Norton AntiVirus 2004 from the defendants.

17 │     51.    The defendants sent discs marked with the Symantec name and logo

18 │ and the name "Norton AntiVirus 2004," designed to look like a genuine Symantec

19 │ product.

20 │     52.    The products were shipped as bare discs in sleeves, without any retail

21 │ box, instruction manual or other packaging materials.

22 │     53.    Symantec inspected the discs and determined that they are

23 │ counterfeit, and were neither produced by Symantec nor authorized by Symantec

24 │ to be produced by any other person or entity.

25 │     54.    On or about May 31, 2005, Plaintiff, through its agents, purchased

26 │ several copies of Symantec's Norton AntiVirus 2005 from the defendants.

27 │     55.    The defendants sent discs marked with the Symantec name and logo

28 │ and the name "Norton AntiVirus 2005," designed to look like a genuine Symantec

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

1  product.

2      56.    The products were shipped as bare discs in sleeves, without any retail

3  box, instruction manual or other packaging materials.

4      57.    Symantec inspected the discs and determined that they are

5  counterfeit, and were neither produced by Symantec nor authorized by Symantec

6  to be produced by any other person or entity.

7      58.    On or about May 31, 2005, Plaintiff, through its agents, purchased

8  several copies of Symantec's pcAnywhere 11.0 from the defendants.

9      59.    The defendants sent discs marked with the Symantec name and logo

10  and the name "pcAnywhere 11.0," designed to look like a genuine Symantec

11  product.

12      60.    The products were shipped as bare discs in sleeves, without any retail

13  box, instruction manual or other packaging materials.

14      61.    Symantec inspected the discs and determined that they are

15  counterfeit, and were neither produced by Symantec nor authorized by Symantec

16  to be produced by any other person or entity.

17      62.    On or about May 10, 2005, Plaintiff notified defendants in writing

18  that the defendants were selling counterfeit copies of Norton and Symantec

19  software products, and demanded that they immediately cease and desist from

20  such wrongful and infringing conduct.

21      63.    On or about May 12, 2005, Plaintiff again notified defendants in

22  writing that the defendants were selling counterfeit copies of Norton and

23  Symantec software products, and demanded that they immediately cease and desist

24  from such wrongful and infringing conduct.

25      64.    Despite the two May 2005 notices, the defendants continued to sell

26  and distribute counterfeit Norton and Symantec products, as alleged throughout

27  this complaint.

28      65.    On or about June 2, 2006, the Plaintiff again notified the defendants

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  in writing that they were selling counterfeit Norton and/or Symantec software

2  products, and demanded that they immediately cease and desist from such

3  wrongful and infringing conduct.

4      66.    The defendants promised to cooperate with Plaintiff's investigation.

5      67.    Although the defendants promised to cooperate, the defendants did

6  little or nothing to cooperate with the Plaintiff's investigation.  Moreover, despite

7  the additional June 2, 2006 notice, the defendants have continued to sell and

8  distribute counterfeit Norton and Symantec products, as alleged throughout this

9  complaint.

10      68.    Plaintiff is informed and believes and on that basis alleges that

11  defendants fraudulently promised to cooperate in order to induce the Plaintiff to

12  refrain from pursuing legal remedies against the defendants.  Moreover, the

13  defendants hoped to buy time in which they could continue to sell counterfeit

14  Norton and Symantec products while misrepresenting to the Plaintiff that they had

15  stopped selling counterfeit products.

16      69.    Despite the Plaintiff's notices, defendants have failed and refused to

17  cease their infringing activities.  Instead, defendants have chosen to willfully

18  ignore the Plaintiff's rights, and to wrongfully profit by willfully and intentionally

19  continuing to market and sell counterfeit products using the Plaintiff's name,

20  service marks and intellectual property owned by Plaintiff.

21      70.    Plaintiff is informed and believes and on that basis alleges that

22  defendants sell unauthorized copies of Plaintiff's software with counterfeit

23  product key codes.  The unauthorized copies of Plaintiff's software do not

24  legitimately entitle purchasers to install or use the software, or to obtain technical

25  support, upgrades or renewals.  Plaintiff is informed and believes and on that basis

26  alleges that such consumers are less likely to purchase genuine Norton and/or

27  Symantec products in the future.

28      71.    Defendants sell illegal counterfeit copies of Plaintiff's software.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  Defendants falsely represent to potential buyers that the software defendants sell is

2  manufactured by Plaintiff.  The software defendants deliver to purchasers bears

3  the Symantec name and trademarks, but is neither produced by Plaintiff Symantec

4  nor produced under Plaintiff Symantec's authorization or any Symantec license.

5        72.    Plaintiff is informed and believes, and on that basis alleges, that

6  defendants marketed, sold and delivered counterfeit Norton and/or Symantec

7  software with which the purchasers or recipients of such software themselves

8  produced infringing copies of Plaintiff's copyrighted works by installing the

9  counterfeit programs on their computers.  As part of that installation process, each

10 of those purchasers produces unauthorized copies of Plaintiff's copyrighted works

11 with each such installation.

12                        **FIRST CLAIM FOR RELIEF**

13                        **[Trademark Infringement**

14                   **Lanham Act, 15 U.S.C. § 1051 - 1157]**

15                      **(Against All Defendants)**

16        73.    Paragraphs 1 through 72 are incorporated by this reference as though

17 set forth herein in full.

18        74.    Plaintiff registered the name "Symantec" in the United States Patent

19 and Trademark Office on April 21, 1992, registration number 1683688.  Plaintiff

20 owns the trademark, which continues to be in full force and effect.

21        75.    Plaintiff registered the name "Norton SystemWorks" in the United

22 States Patent and Trademark Office on September 11, 2001, registration number

23 2488092.  Plaintiff owns the trademark, which continues to be in full force and

24 effect.

25        76.    Plaintiff registered the name "Norton AntiVirus" in the United States

26 Patent and Trademark Office on March 16, 1993, registration number 1758084.

27 Plaintiff owns the trademark, which continues to be in full force and effect.

28        77.    The name "Ghost" was registered in the United States Patent and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 10 -

COMPLAINT

1   Trademark Office on November 28, 1978, registration number 1107115.  Plaintiff

2   owns the trademark, which continues to be in full force and effect.

3         78.    Plaintiff registered the name "LiveUpdate" in the United States Patent

4   and Trademark Office on May 4, 1999, registration number 2243057.  Plaintiff

5   owns the trademark, which continues to be in full force and effect.

6         79.    The name "GoBack" was registered in the United States Patent and

7   Trademark Office on August 17, 1999, registration number 2271088.  The

8   GoBack trademark has been used in commerce since December 1998.  Plaintiff

9   Symantec owns the trademark, which continues to be in full force and effect.

10        80.    The name "Norton Utilities" was registered in the United States

11  Patent and Trademark Office on October 18, 1988, registration number 1508960.

12  Plaintiff owns the trademark, which continues to be in full force and effect.

13        81.    The name "pcAnywhere" was registered in the United States Patent

14  and Trademark Office on July 13, 1993, registration number 1781148.  Plaintiff

15  owns the trademark, which continues to be in full force and effect.

16        82.    From and after the date of registration of each of its trademarks,

17  Plaintiff has used the trademarks continuously to identify its products.  Plaintiff

18  markets, distributes and sells software under those trademarks in California,

19  throughout the United States, and in foreign countries.

20        83.    Plaintiff is informed and believes and on that basis alleges that at all

21  times relevant to the matters alleged in this complaint, the defendants knew that

22  the names "Symantec," "SystemWorks," "Norton AntiVirus," "Ghost,"

23  "pcAnywhere," and other trademarks were registered trademarks, owned by

24  Plaintiff.  Plaintiff is informed and believes and on that basis alleges that, despite

25  that knowledge, defendants intentionally continued to infringe Plaintiff's

26  trademarks by advertising, marketing, selling and delivering software bearing

27  Plaintiff Symantec's names and trademarks, designed to look like Plaintiff

28  Symantec's software.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

84.     Defendants, in violation of 15 U.S.C. § 1114, use in commerce reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of software designed to look like Plaintiff's software but which is neither genuine Symantec software nor authorized by Symantec for distribution or sale. Such unauthorized counterfeit copies are likely to cause confusion, or to cause mistake, or to deceive, and have caused actual confusion, mistake and/or deception among consumers who purchase defendants' products mistakenly believing they are genuine, authorized versions of Plaintiff's products.

85.     Plaintiff is informed and believes and on that basis alleges that defendants, in violation of 15 U.S.C. § 1114, reproduce, counterfeit, copy, or colorably imitate Plaintiff's registered marks and apply such reproduction, counterfeit, copy, or colorable imitation to labels, CDs, packages, and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of software designed to look like Plaintiff's software but which is neither genuine Symantec software nor authorized by Symantec for distribution or sale. Such unauthorized counterfeit copies are likely to cause confusion, or to cause mistake or to deceive, and have caused actual confusion, mistake and/or deception among consumers who purchase defendants' products mistakenly believing they are genuine, authorized versions of Plaintiff's products.

86.     Plaintiff is informed and believes and on that basis alleges that defendants use Plaintiff's trademarks in interstate commerce by: (1) advertising defendants' products bearing the Plaintiff's trademarks on the internet; and (2) shipping counterfeit copies of Plaintiff's software in interstate commerce. Defendants' use of Plaintiff's trademarks on defendants' products has misled and confused consumers as to the source and quality of defendants' products.

87.     Plaintiff is informed and believes and on that basis alleges that as a

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   proximate result of the defendants' use of Plaintiff's trademarks, defendants have

2   taken unfair advantage of Plaintiff's research, development, advertising,

3   marketing, and consumer recognition of the Symantec name and logo, the Norton

4   name, Norton SystemWorks, pcAnywhere, Norton AntiVirus, LiveUpdate, Ghost,

5   Norton Internet Security and other trademarks. Plaintiff is informed and believes

6   and on that basis alleges that defendants have sold substantial amounts of software

7   using Plaintiff's trademarks, and have thereby enjoyed substantial profits, which

8   Plaintiff believes are in excess of $5,000,000.

9        88.   Plaintiff is informed and believes and on that basis alleges that unless

10   restrained by this Court, defendants will continue to infringe Plaintiff's

11   trademarks, thereby creating numerous claims against defendants and multiple

12   proceedings, and that monetary compensation cannot provide Plaintiff with

13   adequate relief for the damage caused by defendants to Plaintiff's trademarks,

14   consumer recognition, and public confidence in Plaintiff's products.

15        89.   Defendants' actions, if not restrained, will continue to cause

16   irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

17   Defendants misrepresent their own products as those manufactured by Plaintiff.

18   Plaintiff is informed and believes, and on that basis alleges, that consumers who

19   purchase defendants' products, believing they have purchased Plaintiff's software,

20   will not purchase the genuine software from Plaintiff. Plaintiff has permanently

21   lost such consumers as customers, and has permanently lost the profits Plaintiff is

22   entitled to under its trademarks.

23        90.   Plaintiff is informed and believes, and on that basis alleges, that if

24   defendants' products do not work properly, defendants' actions have further

25   caused irreparable harm to Plaintiff's name and reputation, because defendants

26   market and sell their products bearing false reproductions of Plaintiff's

27   trademarks.

28

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

## SECOND CLAIM FOR RELIEF

### [False Designation of Origin — Lanham Act § 43(a)]

### (Against All Defendants)

91.   Paragraphs 1 through 90 are incorporated by this reference as though set forth herein in full.

92.   Plaintiff has marketed, advertised and promoted its software under the names and logos "Symantec," "Norton SystemWorks," "Norton AntiVirus," "pcAnywhere," "LiveUpdate," "Ghost," "Norton CleanSweep," "Norton Internet Security," "Symantec AntiVirus Small Business Edition," and other names and logos.  As a result of this marketing, advertising and promotion, Plaintiff's names and logos have come to mean and are understood to mean Plaintiff's products, and are the means by which Plaintiff's products are distinguished from other software in the United States and worldwide.

93.   Because of Plaintiff's long, continuous and exclusive use of the names and logos as described in this complaint, Plaintiff's names and logos have acquired secondary meaning and are associated by both the software industry and the public with Plaintiff's products.

94.   Defendants' activities in advertising and/or promoting their software bearing Plaintiff's names, logos, trademarks and counterfeit serial numbers or product keys constitute false designation of origin, false description, and a false representation that defendants' software originates from or is sponsored, approved or authorized by Plaintiff.  Thus, defendants' activities constitute violations of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

95.   Plaintiff is informed and believes and on that basis alleges that defendants have sold numerous counterfeit copies of Plaintiff's software, and have thereby enjoyed substantial profits, which plaintiff believes are in excess of $5,000,000.

96.   As a result of the foregoing, Plaintiff has been damaged in an amount

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 | which has not been precisely ascertained, but which will be alleged by amendment

2 | at such time when it is precisely ascertained.

3 |      97.    The activities of defendants have caused and will cause irreparable

4 | harm to Plaintiff for which Plaintiff has no adequate remedy at law in that (1) if

5 | defendants' wrongful conduct continues, consumers are likely to become further

6 | confused as to the ownership and/or affiliations of defendants' products; (2) the

7 | infringement by defendants constitutes an interference with Plaintiff's goodwill

8 | and customer relationships; and (3) defendants' wrongful conduct, and the

9 | damages resulting to Plaintiff, are continuing.  Accordingly, Plaintiff is entitled to

10 | preliminary and permanent injunctive relief.

11 |      98.    Defendants have committed the acts alleged above with previous

12 | knowledge of Plaintiff's prior use and superior rights to its names and logos, and

13 | with previous knowledge of the reputation of Plaintiff's products.

14 |      99.    Further, defendants' actions were for the willful and calculated

15 | purpose of attracting customers to their products based upon the good will of

16 | Plaintiff's name and business reputation, so as to mislead and deceive purchasers

17 | and the public.  Defendants' actions have caused and/or are likely to cause

18 | confusion and mistake among purchasers and the public as to the ownership or

19 | association of their products, all to defendants' gain and Plaintiff's damage.

20 |      100.   Plaintiff is also entitled to recovery of attorneys' fees and costs of suit

21 | pursuant to 15 U.S.C. § 1117.

22 | **THIRD CLAIM FOR RELIEF**

23 | **[Copyright Infringement**

24 | **17 U.S.C. § 501]**

25 | **(Against All Defendants)**

26 |      101.   Paragraphs 1 through 100 are incorporated by this reference as

27 | though set forth herein in full.

28 |      102.   Plaintiff designed, created, developed and owns or licenses software,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 15 -

**COMPLAINT**

1   including each of the software programs included in the various versions of NSW,

2   which constitute the original work of Plaintiff.

3       103.   Plaintiff designed, created, developed and owns or licenses the

4   software contained in pcAnywhere, which constitutes the original work of

5   Plaintiff.

6       104.   Plaintiff designed, created, developed and owns or licenses the

7   software contained in Norton Internet Security, which constitutes the original

8   work of Plaintiff.

9       105.   Plaintiff designed, created, developed and owns or licenses the

10   software contained in Symantec AntiVirus Small Business Edition, which

11   constitutes the original work of Plaintiff.

12       106.   Plaintiff complied with all laws governing copyright and secured the

13   exclusive rights and privileges in and to the copyrights of Norton AntiVirus,

14   Norton Utilities, Norton CleanSweep, Norton Ghost, pcAnywhere, Norton Internet

15   Security, and other software.

16       107.   Plaintiff has produced copies of the software in compliance with all

17   copyright laws, whether by producing copies itself or under license to third

18   parties.

19       108.   Defendants infringed Plaintiff's copyrights by marketing, selling and

20   delivering software largely, if not entirely, copied from Plaintiff's software.

21       109.   Plaintiff informed defendants that Plaintiff owned both the trademark

22   and the copyright for the software defendants have infringed.

23       110.   Plaintiff informed defendants that defendants were infringing

24   Plaintiff's trademarks and copyrights.

25       111.   Despite that warning, defendants, and each of them, continue to

26   advertise, market, sell and deliver counterfeit copies of Plaintiff's software,

27   knowing that the discs they deliver are counterfeits and infringing on Plaintiff's

28   copyrights.  These actions have caused and continue to cause irreparable injury to

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 | Plaintiff by inducing Plaintiff's prospective customers to purchase software from
2 | defendants instead of from Plaintiff, and by misleading consumers as to the source
3 | of the software.

4 |     112.   At least from and after early 2004, defendants have been producing,
5 | marketing, selling and delivering counterfeit copies of Plaintiff's software, in
6 | violation and derogation of Plaintiff's copyrights on such software, thereby
7 | engaging in unfair trade practices and unfair competition against Plaintiff, causing
8 | irreparable damage to Plaintiff.

9 |     113.   Plaintiff is informed and believes and on that basis alleges that as a
10 | proximate result of the defendants' marketing, selling and delivering counterfeit
11 | copies of Plaintiff's software, defendants have taken unfair advantage of
12 | Plaintiff's research, development, advertising, marketing, and consumer
13 | recognition of the copyrighted content of the software sold by Plaintiff.  Plaintiff
14 | is informed and believes and on that basis alleges that defendants have sold
15 | numerous counterfeit copies of Plaintiff's software, and have thereby enjoyed
16 | substantial profits, which Plaintiff believes are in excess of $5,000,000.

17 |     114.   Defendants' actions, if not restrained, will continue to cause
18 | irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.
19 | Defendants misrepresent their own products as those manufactured by Plaintiff.
20 | Plaintiff is informed and believes, and on that basis alleges, that consumers who
21 | purchase defendants' products, believing they have purchased Plaintiff's software,
22 | will not purchase the genuine software from Plaintiff.  Plaintiff has permanently
23 | lost such consumers as customers, and has permanently lost the profits Plaintiff is
24 | entitled to under its copyrights.

### FOURTH CLAIM FOR RELIEF

#### [Fraud]

#### (Against all Defendants)

28 |     115.   Paragraphs 1 through 114 are incorporated by this reference as

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

1  though set forth herein in full.

2       116.   Plaintiff is informed and believes and on that basis alleges that

3  defendants intentionally misrepresented to the Plaintiff that they had ceased

4  infringing the Plaintiff's trademarks and copyrights and had ceased selling and

5  distributing counterfeit Norton and Symantec products, knowing that such

6  misrepresentations were false at the time they were made.

7       117.   Plaintiff is informed and believes and on that basis alleges that

8  defendants intended such misrepresentations to induce the Plaintiff, in reliance

9  thereon, to refrain from taking immediate legal action to force the defendants to

10 stop selling and distributing counterfeit Norton and Symantec software products,

11 so that the defendants could continue to receive illegal gains and profits from such

12 sales.

13      118.   Plaintiff in fact delayed commencing legal action in reasonable

14 reliance on the defendants' promises to cooperate and to provide information

15 concerning their suppliers, invoices and sales.

16      119.   Plaintiff suffered damages as a result of the defendants' intentional

17 misrepresentations.

18      120.   Plaintiff is informed and believes and on that basis alleges that

19 defendants, in their marketing and advertising and on their internet web sites, have

20 deliberately misrepresented to consumers that the products sold are Symantec

21 and/or Norton products, knowing that they are not.

22      121.   Plaintiff is informed and believes and on that basis alleges that

23 defendants intend that consumers will communicate those misrepresentations to

24 Plaintiff in order to obtain customer service and updates or upgrades on terms and

25 conditions that are available only to owners of genuine, authorized Symantec

26 and/or Norton software products.

27      122.   Plaintiff is informed and believes and on that basis alleges that

28 defendants make those misrepresentations intending that Plaintiff will act in

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    reasonable reliance thereon, including but not limited to by providing customer

2    service and updates or upgrades to purchasers of defendants' products on terms

3    and conditions that are available only to owners of genuine, authorized Symantec

4    and/or Norton software products.

5        123.   Plaintiff has justifiably relied on the misrepresentations of defendants

6    in that, on information and belief, Plaintiff has provided customer service and

7    updates or upgrades to some purchasers of defendants' products as if those

8    consumers had purchased genuine Symantec and/or Norton software products.

9        124.   Plaintiff has suffered damages as a proximate result of the

10   defendants' wrongful acts in an amount as yet undetermined, but in an amount that

11   will be proven at trial.

12       125.   Defendants' conduct was and continues to be oppressive, fraudulent

13   and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

14   to be proven at trial.

15                    **FIFTH CLAIM FOR RELIEF**

16      **[Civil Action for Trafficking in Counterfeit Labels, Documentation**

17         **and/or Packaging in Violation of 18 U.S.C. § 2318]**

18                    **(Against All Defendants)**

19       126.   Paragraphs 1 through 125 are incorporated by this reference as

20   though set forth herein in full.

21       127.   Plaintiff is informed and believes and on that basis alleges that

22   defendants knowingly and without Plaintiff's authorization distribute and/or

23   intend for distribution labels, packaging, and/or documentation, including but not

24   limited to counterfeit serial numbers or product keys, without the genuine,

25   authorized copies of Plaintiff's software that Plaintiff intended such labels,

26   packaging and/or documentation to accompany.

27       128.   Plaintiff is informed and believes and on that basis alleges that

28   defendants have in their custody and/or control substantial quantities of software

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

---

91184.3

COMPLAINT

1    that defendants intend to distribute as Symantec and/or Norton software, in

2    violation of 18 U.S.C. § 2318(a).

3        129.   Defendants' actions, if not restrained, will continue to cause

4    irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

5        130.   Plaintiff has suffered damages as a proximate result of the

6    defendants' wrongful acts in an amount as yet undetermined, but in an amount that

7    will be proven at trial.

8        131.   Defendants' conduct was and continues to be oppressive, fraudulent

9    and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

10    to be proven at trial.

11        132.   Plaintiff is also entitled to recovery of attorneys' fees and costs of suit

12    pursuant to 18 U.S.C. § 2318(f).

### <u>SIXTH CLAIM FOR RELIEF</u>

**[Unfair Competition**

**Calif. B&P Code § 17200, <u>et</u> <u>seq</u>.]**

**(Against all Defendants)**

17        133.   Paragraphs 1 through 132 are incorporated by this reference as

18    though set forth herein in full.

19        134.   The wrongful acts by defendants, as alleged throughout this

20    complaint, constitute unlawful, unfair or fraudulent business acts and/or practices

21    and unfair, deceptive, untrue or misleading statements and advertising in violation

22    of California Business and Professions Code ("B&P") § 17200.

23        135.   As a result of irreparable injuries to Plaintiff caused by defendants'

24    actions for which Plaintiff has no adequate remedy at law, defendants' acts

25    constituting unfair competition should be enjoined, and the Court should make

26    such orders or judgments as may be necessary to prevent the use of any practice

27    which constitutes unfair competition under B&P § 17203.

28        136.   Under B&P § 17203, and in addition to, or in lieu of, the damages

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  Plaintiff has sustained to its business and reputation as a result of defendants'

2  actions, Plaintiff seeks as damages restitution and/or disgorgement of the profits

3  that defendants have made by virtue of their acts of unfair competition, in an

4  amount as yet undetermined but as shall be proven at trial.

### SEVENTH CLAIM FOR RELIEF

#### [Common Law Unfair Competition]

#### (Against all Defendants)

8  137.   Paragraphs 1 through 136 are incorporated by this reference as

9  though set forth herein in full.

10  138.   Defendants have pirated the fruits of Plaintiff's labor and are

11  "palming off" those fruits as their own.

12  139.   Due to defendants' acts of unfair competition, trade dress

13  infringement, and deception, buyers of counterfeit software sold by defendants

14  under the Norton and/or Symantec label have been deceived as to the source,

15  approval and/or sponsorship of defendants' software, believing they are

16  purchasing software manufactured by Plaintiff when in fact they are not.

17  140.   As a result of defendants' acts of unfair competition, Plaintiff has lost

18  sales and profits in an amount as yet undetermined but in an amount that will be

19  proven at trial.

20  141.   Defendants' conduct was and continues to be oppressive, fraudulent

21  and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

22  to be proven at trial.

### EIGHTH CLAIM FOR RELIEF

#### [False Advertising

#### Calif. B&P Code §§ 17500, 17200]

#### (Against all Defendants)

27  142.   Paragraphs 1 through 141 are incorporated by this reference as

28  though set forth herein in full.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 21 -

**COMPLAINT**

143.   Plaintiff is informed and believes, and on that basis alleges, that defendants included descriptions of Plaintiff's software, pictures of Plaintiff's software and depictions of Plaintiff's trademarks and logos in their advertising materials.

144.   Plaintiff is informed and believes, and on that basis alleges, that defendants also used language and phrases copied from Plaintiff's advertising literature in their advertising materials, which were disseminated to the public.

145.   The descriptions, pictures, depictions, language and phrases constitute untrue or misleading statements and advertising in violation of B&P § 17500 in that they suggest the software for sale in the defendants' advertising is software manufactured by Plaintiff, when, in truth, what is being sold is defendants' inferior products.

146.   The false and misleading statements and advertising also constitute practices that serve as a predicate for a B&P § 17200 violation, and Plaintiff separately alleges a violation of B&P § 17200.

147.   As a result of defendants' actions, Plaintiff has been damaged in an amount as yet undetermined, but in an amount that will be proven at trial.

148.   Defendants' conduct was and continues to be oppressive, fraudulent and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

**[Intentional Interference with Prospective Economic Advantage]**

**(Against all Defendants)**

149.   Paragraphs 1 through 148 are incorporated by this reference as though set forth herein in full.

150.   This count arises under the unfair competition laws of the State of California.

151.   Plaintiff has over the years developed a large base of customers and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   institutions who purchase Plaintiff's products.  Plaintiff has also developed a

2   substantial and valuable economic relationship with its products, software

3   including but not limited to Norton AntiVirus, pcAnywhere, Norton Internet

4   Security, and Symantec AntiVirus Small Business Edition.

5        152.   Defendants contacted Plaintiff's actual and prospective customers

6   with the intent to deprive Plaintiff of those customers' business.  Those customers

7   then purchased products from defendants rather than from Plaintiff.  Defendants

8   also interfered with Plaintiff's relationship with its products by marketing and

9   distributing inferior and confusing counterfeit and/or knock-off versions.

10       153.   As a proximate result of defendants' conduct, Plaintiff suffered

11  damages in a sum in excess of $5,000,000.

12       154.   The acts of defendants were willful and malicious.  Plaintiff is

13  therefore entitled to punitive damages in an amount not less than $5,000,000.

14  Unless restrained, defendants will continue to solicit Plaintiff's customers and

15  money damages could not afford adequate relief.

16              **TENTH CLAIM FOR RELIEF**

17       **[Negligent Interference with Prospective Economic Advantage]**

18                   **(Against all Defendants)**

19       155.   Paragraphs 1 through 154 are incorporated by this reference as

20  though set forth herein in full.

21       156.   This count arises under the unfair competition laws of the State of

22  California.

23       157.   Plaintiff has over the years developed a large base of customers and

24  institutions who purchase Plaintiff's products.  Plaintiff has also developed a

25  substantial and valuable economic relationship with its products, software

26  including but not limited to Norton AntiVirus, pcAnywhere, Norton Internet

27  Security, and Symantec AntiVirus Small Business Edition.

28       158.   Defendants have a duty to use due care to refrain from wrongful

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

actions that would interfere with Plaintiff's prospective economically advantageous relationships with Plaintiff's existing customers, potential customers, and products.

159.   Defendants breached their duties by soliciting Plaintiff's existing and/or potential customers for the purpose of selling to them products bearing Plaintiff's trademarks but which defendant knew or should have known were counterfeit.  Those customers then purchased counterfeit products from defendants rather than genuine Symantec products from Plaintiff.  Defendants also interfered with Plaintiff's relationship with its products by marketing confusing knock-off versions when defendants should have known those versions were counterfeit.

160.   As a proximate result of defendants' conduct, Plaintiff suffered damages in a sum in excess of $5,000,000.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

I.     On the First Claim for Relief for Trademark Infringement (Lanham Act, 15 U.S.C. § 1051 - 1157):

    A.     That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

        1.     using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

        2.     advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

        3.     using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

        4.     contacting, soliciting, directing advertisements to, or in any

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5.    selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.    That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E.    That defendants pay to Plaintiff punitive and/or treble damages for their intentional and willful wrongful acts.

F.    That, upon election by Plaintiff, Defendants be required to pay the maximum allowable amount of statutory damages for their willful infringement of Plaintiff's trademarks.

G.    That Plaintiff recover its costs and reasonable attorneys' fees.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

H.   That Plaintiff recover prejudgment interest under 15 USC § 1117(b) commencing on the date of service of this Complaint.

I.   That Plaintiff have such other and further relief as to this Court shall appear just and proper.

II.  On the Second Claim for Relief for False Designation of Origin — Lanham Act § 43(a):

A.   That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

   1.   using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

   2.   advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

   3.   using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

   4.   contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

   5.   selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.   That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

(product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D. That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E. That defendants pay to Plaintiff punitive and/or treble damages for their intentional and willful wrongful acts.

F. That Plaintiff recover its costs and reasonable attorneys' fees.

G. That Plaintiff recover prejudgment interest under 15 USC § 1117(b) commencing on the date of service of this Complaint.

H. That Plaintiff have such other and further relief as to this Court shall appear just and proper.

III. On the Third Claim for Relief for Copyright Infringement:

A. That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

    1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

    2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 27 -

COMPLAINT

or any product configuration similar to Plaintiff's products;

3.    using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4.    contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5.    selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.    That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

E.    That, upon election by Plaintiff, defendants be required to pay the maximum allowable amount of statutory damages for their willful

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1        infringement of Plaintiff's copyrights.

2    F.   That Plaintiff recover its costs and reasonable attorneys' fees.

3    G.   That Plaintiff have such other and further relief as to this Court shall

4        appear just and proper.

5  IV.   On the Fourth Claim for Relief for Fraud:

6    A.   That defendants, their officers, agents, and servants, and all persons

7        acting in concert with them, be temporarily restrained, preliminarily

8        enjoined during the pendency of this action, and permanently

9        enjoined thereafter from engaging in further acts of:

10        1.   using photos of Plaintiff's products or depictions of Plaintiff's

11            products or logos in defendants' advertising;

12        2.   advertising, selling, licensing, or otherwise marketing or

13            distributing defendants' pirated copies of Plaintiff's software,

14            or any product configuration similar to Plaintiff's products;

15        3.   using language and phrases contained in Plaintiff's advertising

16            literature in defendants' advertising;

17        4.   contacting, soliciting, directing advertisements to, or in any

18            other manner using any information about any consumer to

19            whom defendants have sold, distributed, delivered and/or

20            directed advertising for Norton and/or Symantec products or

21            counterfeit Norton and/or Symantec products; and

22        5.   selling, licensing, or otherwise marketing or distributing

23            unauthorized copies of Plaintiff's software with counterfeit

24            serial numbers or product keys.

25    B.   That defendants be required to turn over to Plaintiff (1) all their

26        existing inventory of purported Norton and/or Symantec products,

27        (2) all labels, packages, documentation and/or serial numbers

28        (product keys) for purported Norton and/or Symantec products, and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 29 -

1    (3) the names, addresses, telephone numbers, e-mail addresses and

2    other information concerning any and all consumers to whom

3    defendants have sold, distributed, delivered and/or directed

4    advertising for Norton and/or Symantec products or counterfeit

5    Norton and/or Symantec products.

6    C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

7    a consequence of their conduct.

8    D.    That defendants be required to account for and pay over to Plaintiff

9    all the profits which they have derived from their wrongful activities

10    and to pay such damages to Plaintiff as to this Court shall appear just

11    and proper.

12    E.    That defendants pay to Plaintiff punitive damages for their intentional

13    and willful wrongful acts.

14    F.    That Plaintiff recover its costs and reasonable attorneys' fees.

15    G.    That Plaintiff have such other and further relief as to this Court shall

16    appear just and proper.

17    V.    On the Fifth Claim for Relief for Trafficking in Counterfeit Labels,

18    Documentation and/or Packaging in Violation of 18 U.S.C. § 2318:

19    A.    That defendants, their officers, agents, and servants, and all persons

20    acting in concert with them, be temporarily restrained, preliminarily

21    enjoined during the pendency of this action, and permanently

22    enjoined thereafter from engaging in further acts of:

23        1.    using photos of Plaintiff's products or depictions of Plaintiff's

24            products or logos in defendants' advertising;

25        2.    advertising, selling, licensing, or otherwise marketing or

26            distributing defendants' pirated copies of Plaintiff's software,

27            or any product configuration similar to Plaintiff's products;

28        3.    using language and phrases contained in Plaintiff's advertising

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

literature in defendants' advertising;

4.    contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5.    selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.    That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.    That Defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.    That defendants be required to turn over to the Court all copies of software bearing or containing the Norton or Symantec name, label(s), trademark(s), logo(s), documentation, and/or authorization codes purporting to indicate genuine and/or authorized Norton and/or Symantec products.

E.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities.

F.    That Defendants be required to pay over to Plaintiff the Plaintiff's

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1       actual damages as provided in 18 U.S.C. § 2318(f)(3).

2     G.   That defendants pay to Plaintiff punitive damages for their intentional

3         and willful wrongful acts.

4     H.   That Plaintiff recover its costs and reasonable attorneys' fees.

5     I.   That Plaintiff have such other and further relief as to this Court shall

6         appear just and proper.

7   VI.   On the Sixth Claim for Relief for Unfair Competition (Calif. B&P Code

8      § 17200, *et seq.*):

9     A.   That defendants, their officers, agents, and servants, and all persons

10         acting in concert with them, be temporarily restrained, preliminarily

11         enjoined during the pendency of this action, and permanently

12         enjoined thereafter from engaging in further acts of:

13        1.   using photos of Plaintiff's products or depictions of Plaintiff's

14           products or logos in defendants' advertising;

15        2.   advertising, selling, licensing, or otherwise marketing or

16           distributing defendants' pirated copies of Plaintiff's software,

17           or any product configuration similar to Plaintiff's products;

18        3.   using language and phrases contained in Plaintiff's advertising

19           literature in defendants' advertising;

20        4.   contacting, soliciting, directing advertisements to, or in any

21           other manner using any information about any consumer to

22           whom defendants have sold, distributed, delivered and/or

23           directed advertising for Norton and/or Symantec products or

24           counterfeit Norton and/or Symantec products; and

25        5.   selling, licensing, or otherwise marketing or distributing

26           unauthorized copies of Plaintiff's software with counterfeit

27           serial numbers or product keys.

28     B.   That defendants be required to turn over to Plaintiff (1) all their

existing inventory of purported Norton and/or Symantec products,
(2) all labels, packages, documentation and/or serial numbers
(product keys) for purported Norton and/or Symantec products, and
(3) the names, addresses, telephone numbers, e-mail addresses and
other information concerning any and all consumers to whom
defendants have sold, distributed, delivered and/or directed
advertising for Norton and/or Symantec products or counterfeit
Norton and/or Symantec products.

C. That defendants be required to account for and pay over to Plaintiff
all the profits which they have derived from their wrongful activities
and to pay such damages to Plaintiff as to this Court shall appear just
and proper.

D. That Plaintiff recover its costs and reasonable attorneys' fees.

E. That Plaintiff have such other and further relief as to this Court shall
appear just and proper.

VII. On the Seventh Claim for Relief for Common Law Unfair Competition:

A. That defendants, their officers, agents, and servants, and all persons
acting in concert with them, be temporarily restrained, preliminarily
enjoined during the pendency of this action, and permanently
enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's
products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or
distributing defendants' pirated copies of Plaintiff's software,
or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising
literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    other manner using any information about any consumer to

2    whom defendants have sold, distributed, delivered and/or

3    directed advertising for Norton and/or Symantec products or

4    counterfeit Norton and/or Symantec products; and

5        5.    selling, licensing, or otherwise marketing or distributing

6            unauthorized copies of Plaintiff's software with counterfeit

7            serial numbers or product keys.

8    B.    That defendants be required to turn over to Plaintiff (1) all their

9        existing inventory of purported Norton and/or Symantec products,

10       (2) all labels, packages, documentation and/or serial numbers

11       (product keys) for purported Norton and/or Symantec products, and

12       (3) the names, addresses, telephone numbers, e-mail addresses and

13       other information concerning any and all consumers to whom

14       defendants have sold, distributed, delivered and/or directed

15       advertising for Norton and/or Symantec products or counterfeit

16       Norton and/or Symantec products.

17   C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

18       a consequence of their conduct.

19   D.    That defendants be required to account for and pay over to Plaintiff

20       all the profits which they have derived from their wrongful activities

21       and to pay such damages to Plaintiff as to this Court shall appear just

22       and proper.

23   E.    That defendants pay to Plaintiff punitive damages for their intentional

24       and willful wrongful acts.

25   F.    That Plaintiff recover its costs and reasonable attorneys' fees.

26   G.    That Plaintiff have such other and further relief as to this Court shall

27       appear just and proper.

28   VIII.   On the Eighth Claim for Relief for False Advertising (Calif. B&P Code

§§ 17500, 17200):

A.   That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

    1.   using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

    2.   advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

    3.   using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

    4.   contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

    5.   selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.   That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    Norton and/or Symantec products.

2    C.    That defendants be required to account for and pay over to Plaintiff

3    all the profits which they have derived from their wrongful activities

4    and to pay such damages to Plaintiff as to this Court shall appear just

5    and proper.

6    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

7    E.    That Plaintiff have such other and further relief as to this Court shall

8    appear just and proper.

9    IX.    On the Ninth Claim for Relief for Intentional Interference with Prospective

10    Economic Advantage:

11    A.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

12    a consequence of their conduct.

13    B.    That defendants be required to account for and pay over to Plaintiff

14    all the profits which they have derived from their wrongful activities

15    and to pay such damages to Plaintiff as to this Court shall appear just

16    and proper.

17    C.    That defendants pay to Plaintiff punitive damages for their intentional

18    and willful wrongful acts.

19    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

20    E.    That Plaintiff have such other and further relief as to this Court shall

21    appear just and proper.

22    X.    On the Tenth Claim for Relief for Negligent Interference with Prospective

23    Economic Advantage:

24    A.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

25    a consequence of their conduct.

26    B.    That defendants be required to account for and pay over to Plaintiff

27    all the profits which they have derived from their wrongful activities

28    and to pay such damages to Plaintiff as to this Court shall appear just

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

COMPLAINT

1 and proper.

2 C. That Plaintiff recover its costs and reasonable attorneys' fees.

3 D. That Plaintiff have such other and further relief as to this Court shall

4 appear just and proper.

5 **<u>DEMAND FOR JURY TRIAL</u>**

6 The Plaintiff hereby demands a trial by jury in this action.

Dated: January 19, 2007   BAUTE & TIDUS LLP

By: _____
    Patrick M. Maloney
    Attorneys for Plaintiff
    SYMANTEC CORPORATION

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91184.3

- 37 -

**COMPLAINT**

JS 44
(Rev. 07/89)

**ORIGINAL**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
SYMANTEC CORPORATION

## DEFENDANTS
GLOBAL IMPACT, INC, a Florida corporation, d/b/a www.global-impact.com, Global Impact; Global Impact Inc. Distribution; and Global Impact Corporation; JOSEPH KRISTINA, an individual; and DOES 1-10, inclusive

2007 JAN 19  AM 11:04
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY
RA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BAUTE & TIDUS LLP
801 South Figueroa Street
Suite 1100
Los Angeles, CA  90017
(213) 630-5000

ATTORNEYS (IF KNOWN)

'07 CV 0126      WQH AJB

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Trademark infringement, 15 U.S.C. Secs. 1051-1157; copyright infringement, 17 U.S.C. Sec. 501; trafficking in counterfeit labels, etc., 18 U.S.C. Sec. 2318; fraud; unfair competition.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor | ☐ 863 DIWC/DIWW | ☐ 892 Economic Stabilization |
| | ☐ 360 Other Personal Injury | Product Liability | Standards Act | (405(g)) | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Reporting & | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Determination Under |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Equal Access to Justice |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
Docket Number _____

DATE
January 19, 2007

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_   Patrick M. Maloney

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

134057   SU 1/19/07   #350

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 134057 - A3
January 19, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV006900 3-07-CV-0126 | | | 60.00 CH |
| Judge - HAYES | | | |
| CV006400 | | | 100.00 CH |
| CV510600 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
SYANTEC CORP V. GLOBAL IMPACT
RC# 21033
SH

**ORIGINAL** **VIA FAX**

AO 121 (6/90)

| TO:<br><br>Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>**FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION   [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT |
|---|---|
| DOCKET NO. | DATE FILED | OF CALIFORNIA, 940 Front St., #4290,<br>San Diego, CA  92101 |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a<br>www.global-impact.com, Global Impact, Global<br>Impact Inc. Distribution, and Global Impact<br>Corporation; JOSEPH CRISTINA, an individual; and<br>DOES 1-10, inclusive |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT A | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment   [ ] Answer   [ ] Cross Bill   [ ] Other Pleading |
|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order   [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes   [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

*U.S. G.P.O. 1982-374-279
AO-121

### SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.
U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

### ATTACHMENT A TO
### REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
### REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus, Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX 6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

91316.1

*Attachment*
*SYMANTEC v. GLOBAL IMPACT*

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION   [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT |
|---|---|
| DOCKET NO. | DATE FILED | OF CALIFORNIA, 940 Front St., #4290,<br>San Diego, CA  92101 |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida<br>corporation, d/b/a www.global-<br>impact.com, Global Impact, Global Impact<br>Inc. Distribution, and Global Impact<br>Corporation; JOSEPH CRISTINA, an individ |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT A | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment    [ ] Answer    [ ] Cross Bill    [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.   A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order    [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes    [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 2 - Upon filing of document adding copyright(s), mail this copy to Register of Copyrights

*U.S. G.P.O. 1982-374-279

<u>**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**</u>
U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559**

<u>**ATTACHMENT A TO**</u>
<u>**REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL**</u>
<u>**REGARDING A COPYRIGHT**</u>

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus, Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX 6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

91316.1

AO 121 (6/90)

| TO: | REPORT ON THE |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION  [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT |
|---|---|
| DOCKET NO. | DATE FILED | OF CALIFORNIA, 940 Front St., #4290, San Diego, CA 92101 |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a www.global-impact.com, Global Impact, Global Impact Inc. Distribution, and Global Impact Corporation; JOSEPH CRISTINA, an individ |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT A | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment  [ ] Answer  [ ] Cross Bill  [ ] Other Pleading |
|---|---|
| **COPYRIGHT**<br>**REGISTRATION NO.** | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.   A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order  [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes  [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights

*U.S. G.P.O. 1982-374-279

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**
U.S.D.C. Case No.   [to be assigned]

Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559

## ATTACHMENT A TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX 6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

91316.1

*Attachment*
*SYMANTEC v. GLOBAL IMPACT*

AO 121 (6/90)

| TO: | | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT |
|---|---|---|
| Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | | |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION    [ ] APPEAL | | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, 940 Front St., #4290, San Diego, CA  92101 |
|---|---|---|
| DOCKET NO. | DATE FILED | |
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a www.global-impact.com, Global Impact, Global Impact Inc. Distribution, and Global Impact Corporation; JOSEPH CRISTINA, an individ |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT A | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment   [ ] Answer   [ ] Cross Bill   [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order   [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes   [ ] No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S. G.P.O. 1982-374-279

Copy 4 - In the event of an appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal.

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**
U.S.D.C. Case No.   [to be assigned]

Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559

**ATTACHMENT A TO**
**REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL**
**REGARDING A COPYRIGHT**

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX 6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

91316.1

AO 121  (6/90)

| TO: | REPORT ON THE |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, 940 Front St., #4290, San Diego, CA  92101 | |
|---|---|---|
| DOCKET NO. | DATE FILED | |
| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a www.global-impact.com, Global Impact, Global Impact Inc. Distribution, and Global Impact Corporation; JOSEPH CRISTINA, an individ | |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT A | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment   [ ] Answer   [ ] Cross Bill   [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.   A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order   [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes   [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 5 - Case file copy

*U.S. G.P.O. 1982-374-279

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**
U.S.D.C. Case No.   [to be assigned]

Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559

## ATTACHMENT A TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX 6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

91316.1

VIA FAX

ORIGINAL

AO 120 (Rev. 3/04)

| TO: | REPORT ON THE |
|---|---|
| **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court  <u>Southern Dist.-Calif</u>  on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| **PLAINTIFF**<br>SYMANTEC CORPORATION | | **DEFENDANT**<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a<br>www.global-impact.com, Global Impact, Global Impact<br>Inc. Distribution, and Global Impact Corporation;<br>JOSEPH CRISTINA, an individual; and DOES 1-10,<br>inclusive | |
| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** | |
| 1 | | SEE ATTACHMENT A | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| **PATENT OR<br>TRADEMARK NO.** | **DATE OF PATENT<br>OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO-120

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**
U.S.D.C. Case No.   [to be assigned]

**Mail Stop 8**
**Director of the U.S. Patent and Trademark Office**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

## ATTACHMENT A TO
## REPORT ON THE FILING OR DETERMINATION OF AN
## ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1988765 | July 23, 1996 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 2271088 | August 17, 1999 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |

91316.1

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Southern Dist.-Calif___ on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| **PLAINTIFF**<br>SYMANTEC CORPORATION | | **DEFENDANT**<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a<br>www.global-impact.com, Global Impact, Global Impact<br>Inc. Distribution, and Global Impact Corporation;<br>JOSEPH CRISTINA, an individual; and DOES 1-10,<br>inclusive | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | SEE ATTACHMENT A |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director      Copy 4—Case file copy

AO-120

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC... et al.**
U.S.D.C. Case No.   [to be assigned]

Mail Stop 8
**Director of the U.S. Patent and Trademark Office**
P.O. Box 1450
Alexandria, VA 22313-1450

## ATTACHMENT A TO
## REPORT ON THE FILING OR DETERMINATION OF AN
## ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1988765 | July 23, 1996 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 2271088 | August 17, 1999 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |

91316.1

AO 120 (Rev. 3/04)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court   Southern Dist.-Calif   on the following   ☐ Patents or   ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| | | |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a<br>www.global-impact.com, Global Impact, Global Impact<br>Inc. Distribution, and Global Impact Corporation;<br>JOSEPH CRISTINA, an individual; and DOES 1-10,<br>inclusive |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | SEE ATTACHMENT A |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY   ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director      Copy 4—Case file copy**

AO-120

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC.., et al.**
U.S.D.C. Case No.   [to be assigned]

Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

**ATTACHMENT A TO
REPORT ON THE FILING OR DETERMINATION OF AN
ACTION REGARDING A PATENT OR TRADEMARK**

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1988765 | July 23, 1996 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 2271088 | August 17, 1999 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |

91316.1

*Attachment*
*SYMANTEC v. GLOBAL IMPACT*

AO 120 (Rev. 3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court  Southern Dist.-Calif  on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
|  |  |  |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>GLOBAL IMPACT, INC., a Florida corporation, d/b/a<br>www.global-impact.com, Global Impact, Global Impact<br>Inc. Distribution, and Global Impact Corporation;<br>JOSEPH CRISTINA, an individual; and DOES 1-10,<br>inclusive |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 |  | SEE ATTACHMENT A |
| 2 |  |  |
| 3 |  |  |
| 4 |  |  |
| 5 |  |  |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
|  | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 |  |  |
| 2 |  |  |
| 3 |  |  |
| 4 |  |  |
| 5 |  |  |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director        Copy 4—Case file copy

AO-120

**SYMANTEC CORPORATION v. GLOBAL IMPACT, INC... et al.**
U.S.D.C. Case No.   [to be assigned]

Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

### ATTACHMENT A TO
### REPORT ON THE FILING OR DETERMINATION OF AN
### ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1988765 | July 23, 1996 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 2271088 | August 17, 1999 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |

91316.1