# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>GLOBAL IMPACT, INC., a Florida Corporation, doing business as www.global-impact.com, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 07cv0126 DMS (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>**[Docket No. 13]** |

This case comes before the Court on Defendants Global Impact, Inc. and Joseph Cristina's motion to set aside entry of default. Plaintiff has filed an opposition to the motion, and Defendants have filed a reply. The Court found the motion suitable for decision without oral argument. For the reasons set out below, the Court denies the motion.

## I.

## BACKGROUND

On January 19, 2007, Plaintiff Symantec Corporation filed the Complaint in this case. The Complaint alleges the following causes of action: (1) trademark infringement, (2) false designation of origin, (3) copyright infringement, (4) fraud, (5) trafficking in counterfeit labels, documentation and/or packaging, (6) unfair competition, (7) common law unfair competition, (8) state law false advertising, (9) intentional interference with prospective economic advantage, and (10) negligent interference with prospective economic advantage.

1    According to a notice filed on March 5, 2007, Defendants Global Impact and Joseph Cristina were personally served with a copy of the Summons and Complaint on January 31, 2007. Based on this date of service, Defendants should have filed a response to the Complaint on or before February 20, 2007. *See* Fed. R. Civ. P. 12(a)(1)(A). They did not do so, nor did they request an extension of time to do so.

Nevertheless, on April 26, 2007, the Court held a status conference with counsel to discuss the filing of a motion to dismiss for lack of personal jurisdiction. Mark Baute appeared on behalf of Plaintiff and Harry McGahey appeared on behalf of Defendants. After consulting with counsel, the Court advised Defendants to proceed with their motion, but Defendants did not do so. Instead, on May 10, 2007, Mr. McGahey informed Plaintiff's counsel and the Court that he no longer represented Defendants, and that all future correspondence should be directed to Defendants' Florida counsel. (Decl. of Patrick M. Maloney in Supp. of Opp'n to Mot. ("Maloney Decl."), Ex. 49.)

Upon receipt of Mr. McGahey's letter, on May 10, 2007, Plaintiff's counsel sent a letter to Defendants' Florida counsel inquiring about several issues, including the status of Defendants' response to the Complaint. (*See* Maloney Decl., Ex. 50.) Florida counsel did not respond, and thus Plaintiff's counsel sent another letter on May 17, 2007. (Maloney Decl., Ex. 51.) In that letter, Plaintiff's counsel informed Defendants that they would seek entry of Defendants' default unless a responsive pleading was filed "in short order." (*Id.*)

Defendants did not file a responsive pleading, but one week later they did respond to Plaintiff's correspondence with a letter to Plaintiff's counsel. (Maloney Decl., Ex. 52.) In that letter, Defendants' counsel explained that Defendants were having difficulty finding local counsel, but anticipated that local counsel would be retained "by the end of business tomorrow [May 25, 2007] Pacific time." (*Id.*) In light of this, Defendants' counsel requested that Plaintiff "agree to a reasonable enlargement of time to allow said counsel to prepare and file the appropriate response to Symantec's complaint." (*Id.*)

One week later, after having failed to receive Defendants' response, Plaintiff's counsel sent another letter to Defendants. (Maloney Decl., Ex. 53.) In that letter, Plaintiff's counsel advised that

1  absent Defendants' appearance, they would request entry of Defendants' default on June 8, 2007. (*Id.*)

3  On June 8, 2007, after failing to receive Defendants' response to the Complaint, Plaintiff filed
4  a request to enter Defendants' default. The Clerk of Court granted that request, and entered
5  Defendants' defaults on June 13, 2007.

6  Thereafter, Defendants filed the present motion to set aside their defaults. Plaintiff filed its
7  opposition to the motion on July 20, 2007, and Defendants filed their reply on July 26, 2007.

## II.

## DISCUSSION

10  Defendants ask this Court to set aside their defaults pursuant to Federal Rule of Civil
11  Procedure 55(c). This Rule states: "For good cause shown the court may set aside an entry of default
12  and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule
13  60(b)." Fed. R. Civ. P. 55(c). The good cause analysis under Rules 55(c) and 60(b) "considers three
14  factors: '(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether
15  [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would
16  prejudice [the plaintiff].'" *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375
17  F.3d 922, 925-26 (9th Cir. 2004) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d
18  1104, 1008 (9th Cir. 2000)). The defendant bears "the burden of showing that any of these factors
19  favor[s] setting aside the default." *Id.* at 926.

20  Here, Defendants assert that each of the factors warrants setting aside their defaults. The first
21  factor is culpable conduct. The Ninth Circuit has held "that the defendant's conduct is culpable if he
22  has received actual or constructive notice of the filing of the action and intentionally failed to answer."
23  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989). *See also Direct Mail*
24  *Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988); *Meadows*
25  *v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (same). In this case, there is no dispute
26  Defendants had actual notice of this case. Rather, Defendants appear to argue their failure to answer
27  was not intentional.

1 In an effort to make this showing, Defendants state they "are victims of their own legal ineptness and limited financial resources." (Mot. at 4.) Specifically, Defendants assert they could not find affordable, competent and conflict-free local counsel to assist with their defense in a timely manner. However, this excuse does not mean Defendants' failure to respond was not intentional. Courts have found a defendant's conduct to be culpable where the defendant had actual notice of the case and simply failed to respond, *Direct Mail Specialists*, 840 F.2d at 690, and where the defendant had actual notice of the case and failed to respond allegedly on the advice of counsel. *Meadows*, 817 F.2d at 521-22. Courts have also found the defendant's conduct to be culpable where the defendant had actual notice of the case, his attorneys monitored the docket, and the defendant actually corresponded with the plaintiff's counsel, but no response was filed. *Alan Neuman Productions*, 862 F.2d at 1392.

Yet another case, *Franchise Holding*, is even more instructive. In that case, the defendant argued that its conduct was not culpable because "the parties had reached a side-agreement to extend the filing deadlines while the parties were in negotiations." *Id.* at 926. However, those negotiations broke down and the plaintiff informed the defendant that "it was proceeding with litigation." *Id.* Despite this warning from the plaintiff, the defendant failed to file a response, and the court entered the defendant's default. On these facts, the Ninth Circuit held it was not an abuse of discretion for the district court to deny the defendant's motion to set aside an entry of default on culpability grounds. *Id.*

As in *Franchise Holding*, there is no dispute that Defendants received actual notice of this case on January 31, 2007. For unknown reasons, Defendants did not respond to the Complaint within the time provided in Rule 12(a)(1)(A), nor did they request that the Court grant them an extension of time to do so. Instead, Defendants waited more than two months to obtain local counsel, only to have him withdraw three weeks later.[1] Thereafter, Defendants' Florida counsel continued to correspond with Plaintiff's counsel, but Defendants' counsel did not make good on their representation that local counsel would be obtained by a date certain, nor did they respond to an explicit warning from

---

[1] The Court notes that local counsel reported difficulty communicating with Defendants' Florida counsel in his initial correspondence with this Court, (*see* Decl. of Lorne Kaiser in Supp. of Mot., Ex. 1), and that he never made a formal appearance in this case.

Plaintiff's counsel that they would proceed to prosecute the case and request entry of Defendants' defaults if Defendants failed to respond. Given these facts, the Court finds Defendants' conduct was culpable, and thus, they are not entitled to set aside their defaults. *See Alan Neuman Productions*, 862 F.2d at 1392; *Direct Mail Specialists*, 840 F.2d at 690; *Meadows*, 817 F.2d at 521; *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986) (stating court need not consider other factors if defendant's conduct was culpable).

### III.
### CONCLUSION

For all the foregoing reasons, the Court DENIES Defendants' motion to set aside entry of default.

**IT IS SO ORDERED**.

DATED: August 13, 2007

_____
HON. DANA M. SABRAW
United States District Judge